UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
NATIONSTAR MORTGAGE LLC
*D/B/A* MR. COOPER,

                Plaintiff,                        **REPORT AND RECOMMENDATION**
                                                        **18 CV 6752 (MKB)(LB)**

       -against-

WELLINGTON RIVERA, PROPERTY
ASSET MANAGEMENT NY INC., STATE
OF NEW YORK, NEW YORK CITY
DEPARTMENT OF FINANCE,
CITY OF NEW YORK ENVIRONMENTAL
CONTROL BOARD, CITY OF NEW YORK
PARKING VIOLATIONS BUREAU,
CITY OF NEW YORK TRANSIT
ADJUDICATION BUREAU, and JOHN DOE

                Defendants.
-------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        Plaintiff brings this diversity foreclosure action pursuant to New York Real Property Actions and Proceedings Law Article 13. For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed for failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b).

## BACKGROUND

        Plaintiff filed a complaint on November 29, 2018, commencing this action against the defendants. ECF No. 1. Plaintiff filed numerous "Affidavits of Service" between February 15, 2019 and March 25, 2019 stating that the summons and a copy of the complaint were served on the defendants.[1] ECF Nos. 8-26. Defendants have failed to answer or otherwise respond to

---

[1] Plaintiff initially filed "Affidavits of Service" on February 15, 2019 stating that he had served the defendants with a summons and complaint. See ECF Nos. 9-15. On February 19, 2019, the Clerk's Office directed him to refile his documents using the Case Management/Electronic Case Files identifier "Summons Returned Executed." Plaintiff

1

plaintiff's complaint. On May 17, 2019, the Clerk of Court noted the defendants' default. ECF No. 28. On July 24, 2020, some fourteen months after the Clerk of Court noted the defendants' default, the Court ordered plaintiff to "take appropriate action against the defendants by August 3, 2020, or the action shall be dismissed." Plaintiff has neither moved for default judgment nor taken any other action to prosecute this matter.

## DISCUSSION

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the Court may dismiss an action. Fed. R. Civ. P. 41(b). The Court may dismiss a case for failure to prosecute sua sponte. O'Rourke v. Nirvana, 19-CV-4711(PAE)(GWG), 2020 WL 1198326, at *1 (S.D.N.Y. Mar. 12, 2020) report and recommendation adopted by 2020 WL 2133174 (S.D.N.Y. May 5, 2020). The power of a District Court to dismiss an action for failure to prosecute is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs" and dispose of cases in an orderly manner. Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (internal quotation marks omitted). The Second Circuit counsels that dismissal for lack of prosecution is "harsh" and only appropriate in "'extreme situations.'" Id. at 575–76 (quoting Minnette v. Time Warner, 997 F.2d 1023, 102 (2d Cir. 1993).

A Court considering dismissal for failure to prosecute must consider five factors. Id. at 575. (citing United States ex. rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)). These factors include:

> Whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was

---

refiled proof of service on February 26, 2019 and filed proof of service as to defendant Wellington Rivera on March 25, 2019. ECF Nos. 16-26.

> likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions."

Id. (quoting Drake, 375 F.3d 254). A delay in prosecution may prejudice defendants because witnesses' memories fade with the passage of time. O'Rourke, 2020 WL 1198326, at *2. District Courts must also diligently manage their dockets and "cannot indefinitely wait" for a plaintiff to again focus on prosecuting a case. Id. When a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. See Ruzsa v. Rubenstein & Sendy Attys. at Law, 520 F.3d 176, 177 (2d Cir. 2008).

Here, plaintiff's failure to prosecute this matter requires dismissal. Plaintiff's last action in this case, requesting the Clerk of Court to note the entry of defendants' default, occurred over fifteen months ago. ECF No. 28. Moreover, since May 2019 plaintiff has not moved for a default judgment or otherwise acted to prosecute this case. The Court warned plaintiff on July 24, 2020 that failure to move for default judgment by August 3, 2020 would result in dismissal of the action. Plaintiff has failed to act or otherwise respond to the Court's order.

## CONCLUSION

Accordingly, it is respectfully recommended that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute. Plaintiff shall serve a copy of this Report on defendants and file proof of service forthwith.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the

Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: September 30, 2020
       Brooklyn, New York