UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

NATIONSTAR MORTGAGE LLC doing business as MR. COOPER,

                Plaintiff,

v.

WELLINGTON RIVERA, PROPERTY ASSET MANAGEMENT NY INC., STATE OF NEW YORK, NEW YORK CITY DEPARTMENT OF FINANCE, CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, CITY OF NEW YORK PARKING VIOLATIONS BUREAU, CITY OF NEW YORK TRANSIT ADJUDICATION BUREAU, and JOHN DOE,

                Defendants.

**ORDER**
18-CV-6752 (MKB) (LB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Nationstar Mortgage, LLC, doing business as Mr. Cooper, commenced the above-captioned foreclosure action on November 29, 2018, against Defendants Wellington Rivera, Property Asset Management NY Inc., the State of New York, the New York City Department of Finance, the City of New York Environmental Control Board, the City of New York Parking Violations Bureau, the City of New York Transit Adjudication Bureau, and one or more John Doe defendants. (Compl. 1–3, Docket Entry No. 1.) Plaintiff alleges that it holds the mortgage and note on a property located at 762 East 83rd Street, Brooklyn, NY 11236, and that Wellington Rivera has not paid the mortgage. (*Id.* at 5.) Plaintiff further alleges that the other named Defendants "have, or claim to have, some interest in or lien upon" the property. (*Id.* at 6.)

      Defendants did not answer or otherwise respond to the Complaint. On May 17, 2019, the Court entered a certificate of default. (Clerk's Entry of Default, Docket Entry No. 28.) Plaintiff

took no further action.  By order dated July 24, 2020, Magistrate Judge Lois Bloom noted that Plaintiff had failed to prosecute its case and directed Plaintiff to "take appropriate action against [D]efendants by August 3, 2020."  (Order dated July 24, 2020.)  Plaintiff made no further filings.

By report and recommendation dated September 3, 2020, Judge Bloom *sua sponte* recommended that the Court dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (the "R&R").  (R&R 2–3, Docket Entry No. 29 (citing *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (listing five factors a court must consider when weighing dismissal for failure to prosecute)).  Judge Bloom cautioned Plaintiff that "[f]ailure to file a timely objection [within fourteen (14) days] to [the R&R] generally waives any further judicial review." (*Id.* at 3–4 (first citing *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42 (2d Cir. 2002); then citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989); and then citing *Thomas v. Arn*, 474 U.S. 140 (1985)).)  No objections to the R&R have been filed and the time for doing so has passed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's

2

report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (citing *Arn*, 474 U.S. at 155)); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

      The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court dismisses the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to close this case.

Dated: December 7, 2020
       Brooklyn, New York

                                        SO ORDERED:

                                        \_\_\_\_s/ MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge